# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 25-3036

———————————————

David A. McCoy, II

*Plaintiff*

Jeffrey M. Johnson, Sr.

*Plaintiff - Appellant*

v.

Bob Jacobson, His official capacity as the Commissioner of the Minnesota
Department of Public Safety

*Defendant - Appellee*

———————————————

Appeal from United States District Court
for the District of Minnesota

———————————————

Submitted: March 18, 2026
Filed: May 26, 2026

———————————————

Before SHEPHERD, ERICKSON, and GRASZ, Circuit Judges.

———————————————

GRASZ, Circuit Judge.

Jeffrey M. Johnson, Sr. is a long-haul truck driver who resides in Georgia and
wishes to carry a firearm when driving through Minnesota, even though he lacks a

Appellate Case: 25-3036    Page: 1    Date Filed: 05/26/2026 Entry ID: 5643572

Minnesota-issued permit to carry as required by Minnesota law. Instead, Johnson seeks to carry in Minnesota because he possesses permits issued by Georgia and Florida. While Minnesota grants reciprocity to certain out-of-state permits, it does not recognize Georgia or Florida permits. So Johnson sued Minnesota Department of Public Safety Commissioner Bob Jacobson in his official capacity, seeking declaratory and injunctive relief under 42 U.S.C. § 1983 and alleging that Minnesota's permit reciprocity statute violates the Second Amendment. The district court[1] dismissed Johnson's Second Amendment claim, and he appeals. We affirm.

## I. Analysis

We review de novo the constitutionality of a statute and the grant of a motion to dismiss for failure to state a claim. *United States v. Charles*, 159 F.4th 545, 546 (8th Cir. 2025); *Mitchell v. Saint Louis County*, 160 F.4th 950, 956 (8th Cir. 2025). In *New York State Rifle & Pistol Ass'n v. Bruen*, the Supreme Court prescribed a two-step inquiry for Second Amendment claims. *See* 597 U.S. 1, 24 (2022). At step one, we must consider whether the challenged restriction regulates conduct covered by the Second Amendment's plain text (i.e., arms-bearing conduct). *See id.*; *United States v. Rahimi*, 602 U.S. 680, 691 (2024). If so, the government "bears the burden to 'justify its regulation.'" *Rahimi*, 602 U.S. at 691 (quoting *Bruen*, 597 U.S. at 24). At step two, the government must meet its burden by showing "that the restriction 'is consistent with the Nation's historical tradition of firearm regulation.'" *Id.* at 689 (quoting *Bruen*, 597 U.S. at 24).

Minnesota prohibits anyone from publicly carrying a pistol in the state without first obtaining a permit to carry from one of its county sheriffs. Minn. Stat. § 624.714, subds. 1a, 2. Permits must be issued to residents and nonresidents alike who meet the state's statutory requirements. *Id.* § 624.714, subd. 2(a)–(b). Minnesota also recognizes out-of-state permits issued by states that have permitting

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Appellate Case: 25-3036    Page: 2    Date Filed: 05/26/2026 Entry ID: 5643572

requirements similar to Minnesota's. *See id.* § 624.714, subd. 16(a). Permitholders from recognized states may use their permits to carry in Minnesota as if they were Minnesota-issued permits. *See id.*

Johnson's Second Amendment challenge fails at *Bruen* step one because Minnesota's reciprocity statute, standing alone, does not regulate arms-bearing conduct. *See id.* Though publicly carrying a firearm in Minnesota is covered by the Second Amendment's text, that conduct is regulated by Minnesota's permitting requirement, *id.* § 624.714, subd. 1a, and Johnson repeatedly concedes that Minnesota's shall-issue permitting requirement does not violate the Second Amendment.[2] Apart from the permitting requirement, the reciprocity statute does not regulate any conduct covered by the Second Amendment's text, which says nothing about permitting reciprocity. By allowing permitholders from recognized states to use their out-of-state permits as if they were Minnesota permits, the reciprocity statute exempts qualified individuals from Minnesota's permit application process. And because the reciprocity statute merely creates an exemption from the permitting process, it does not restrict any arms-bearing conduct.[3]

---

[2]The constitutionality of shall-issue permitting regimes — and the correct manner of analyzing that question — has been the subject of some debate. *Contrast, e.g.*, *Md. Shall Issue, Inc. v. Moore*, 116 F.4th 211, 221–23 (4th Cir. 2024) (en banc) (citing *Bruen*, 597 U.S. at 38 n.9) (holding shall-issue regimes are presumptively constitutional unless a plaintiff first shows the regime operates abusively in practice), *cert. denied*, 145 S. Ct. 1049 (2025), *with id.* at 240–45 (Richardson, J., dissenting) (arguing extensively that shall-issue regimes must still be justified as consistent with the Nation's history and tradition of firearm regulation). Because Johnson concedes the point here, however, we express no view on the constitutionality of Minnesota's shall-issue permitting regime. *See Duff v. United States ex rel. U.S. Air Force*, 999 F.2d 1280, 1281 n.4 (8th Cir. 1993).

[3]We recognize there may be cases in which a state's reciprocity policy works in tandem with its permitting regime to completely bar nonresidents from carrying, such as when a state prohibits public carry without a state-issued permit, refuses to

Appellate Case: 25-3036     Page: 3     Date Filed: 05/26/2026 Entry ID: 5643572

Johnson argues to the contrary that the reciprocity statute "independently burden[s] Second Amendment rights" because "citizens with unrecognized firearm licenses must overcome an additional regulatory hurdle for their Second Amendment rights in Minnesota." This argument is unconvincing. If, as Johnson concedes, Minnesota may constitutionally condition public carry on obtaining a permit from the state, then it may require all nonresidents to obtain one. Because every nonresident would otherwise have to obtain a Minnesota permit, the reciprocity statute actually removes a regulatory hurdle for certain nonresidents by allowing them to use their out-of-state permits. Minnesota's refusal to exempt Johnson from a concededly constitutional permitting requirement does not impose any additional burden on arms-bearing conduct, so the convenience afforded by reciprocal permitting between states depends on interstate comity, not the Second Amendment. *Cf. Hawkins v. Moss*, 503 F.2d 1171, 1177 n.9 (4th Cir. 1974) ("[S]tates are under no obligation to recognize licenses for professions issued by other states since these licenses issued by one state are not extraterritorial; and no rule of comity requires a state to grant such licenses merely because a person has been admitted to practice in another state." (quoting *Fales v. Comm'n on Licensure to Prac. Healing Art*, 275 A.2d 238, 240 (D.C. 1971))).

Lastly, Johnson presents, for the first time on appeal, a void-for-vagueness challenge to the reciprocity statute. Because Johnson never raised a constitutional vagueness argument before the district court, we cannot consider it as a basis for reversal. *See Dunn v. Does 1–22*, 116 F.4th 737, 752 (8th Cir. 2024). And even if we could, the claim is meritless. "As generally stated, the void-for-vagueness doctrine requires that a *penal statute* define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a

---

issue such permits to nonresidents, and refuses to recognize out-of-state permits. This type of regime raises other constitutional concerns. *See, e.g.*, *Cal. Rifle & Pistol Ass'n v. L.A. Cnty. Sheriff's Dep't*, 745 F. Supp. 3d 1037, 1063–68, 1068 n.35 (C.D. Cal. 2024) (considering Second Amendment, Privileges and Immunities, and Equal Protection challenges). But we are not presented with such a regime today.

-4-

manner that does not encourage arbitrary and discriminatory enforcement." *Gonzales v. Carhart*, 550 U.S. 124, 148–49 (2007) (emphasis added) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). But the reciprocity statute "imposes neither regulation of nor sanction for conduct." *Boutilier v. INS*, 387 U.S. 118, 123 (1967). Since it does not "strip [Johnson] of his rights," *id.*, the reciprocity statute is not susceptible to a void-for-vagueness challenge.

## II. Conclusion

We affirm the district court's dismissal of Johnson's Second Amendment claim.

_____

Appellate Case: 25-3036     Page: 5     Date Filed: 05/26/2026 Entry ID: 5643572